NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABMAN GLASTER a/k/a CEDRIC MARTIN, | : | Hon. Dennis M. Cavanaugh |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 06-CV-5106 (DMC) |
| LAURENCE WYNN, M.D., *et al*, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court upon application by *pro se* Plaintiff Abman Glaster, a/k/a Cedric Martin ("Plaintiff"), for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). For the reasons set forth below, Plaintiff's application is **denied.**

### BACKGROUND

Plaintiff alleges that, while incarcerated, Defendants were deliberately indifferent to his medical needs. Plaintiff is physically handicapped due to a left leg amputation. He claims that he was left in an overcrowded cell which was not suitable for someone with such a disability and that he has not received a new prosthesis for his left leg after his last one broke. Plaintiff's October 16, 2006 complaint, requests injunctive relief and compensatory damages of $1,250.000.00.

## DISCUSSION

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit Court of Appeals provided the district courts with specific guidelines in deciding whether appointing *pro bono* counsel for an indigent applicant is warranted. 6 F.3d at 155, 158. The Third Circuit emphasized that, as a threshold matter, courts are to analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. Id. Only after a determination that an applicant's claim has merit in fact and law, will a court move on to consider and evaluate the variety of factors outlined in Tabron to decide whether appointment of *pro bono* counsel is warranted.. Tabron, 6 F. 3d at 155.

Factors to be considered by a court after a plaintiff makes a sufficient showing of merit include the ability of the plaintiff to present his case. Id. at 156. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Id. Courts should "also consider the difficulty of particular legal issues" and "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." Id.

These factors are discussed at greater length in Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997). The Third Circuit enumerated several factors to be considered when evaluating a request for appointment of counsel:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such litigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 125 F.3d at 457.

In his application for *Pro Bono* counsel, Plaintiff cites his limited access to a law library and limited knowledge of the law. He contends that he cannot adequately present evidence or cross-examine witnesses without the assistance and guidance of an attorney.

Plaintiff's cause of action is based on allegations that he was not provided adequate medical care at the Hudson County Correctional Center. Defendants deny Plaintiff's claims and suggest that the cause of action fails to state a meritorious claim. Defendants argue that there is no evidence of any merit to Plaintiff's claim. Although discovery is not complete, this Court will assume that Plaintiff's cause of action states a claim of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

In analyzing the above factors, however, all evidence is that Plaintiff is quite capable of presenting his case. In reviewing the docket in this matter, one can see that Plaintiff has filed a Complaint, an application for leave to amend that Complaint, the within Application for *Pro Bono* Counsel, two declarations and a letter. There is no reason to believe that Plaintiff lacks the ability to make discovery requests and submit additional filings.

The legal issue in this case is not complex. Plaintiff complains that Defendants have denied him adequate medical treatment. There is no reason provided by Plaintiff to suggest that the issue involved is difficult or complicated.

Plaintiff is in a position to investigate the facts of the case because the treatment of which

he complains all took place in the environment in which he resides. Plaintiff is also obviously aware of his own medical condition and care.

Plaintiff's assertion that he lacks the ability to adequately prosecute his own case is unsupported by anything other than his own self-serving statements. The issues raised by Plaintiff are far from complex and Plaintiff has provided no reason to believe that the particular facts and legal issues are beyond his ability given his particular circumstances.

## CONCLUSION

Based on the foregoing, the application by Plaintiff, Abman Glaster, for appointment of *pro bono* counsel is **denied**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Dated: 12/11/06