NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABMAN GLASTER, AKA CEDRIC MARTIN, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-5106 (DMC) |
| STATE OF NEW JERSEY, HUDSON COUNTY JAIL, WARDEN OSCAR AVILES, DR. LAURENCE WYNN, and DR. MASOOD, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for summary judgment pursuant to FED. R. CIV. P. 56 by Defendants Dr. Laurence Wynn ("Dr. Wynn") and Dr. Masood; and motion for summary judgment pursuant to FED. R. CIV. P. 56 by Defendant Warden Oscar Aviles ("Aviles"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants Dr. Wynn and Dr. Masood's motion for summary judgment is **granted**; Defendant Aviles' motion for summary judgment is also **granted**.

**I.   BACKGROUND**[1]

Plaintiff, Abman Glaster ("Plaintiff"), is a federal inmate being held in the Hudson County Jail, where he has been incarcerated since April 4, 2005. Plaintiff came to the Hudson

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

County Jail with a leg prosthesis.  Plaintiff alleges that the old prosthetic leg was not usable at the time of his incarceration. Plaintiff further alleges that he made Defendant Dr. Wynn, a staff physician at the Hudson County Jail, aware of the problem with his prosthetic leg, and Defendant Dr. Wynn issued crutches to Plaintiff.  Plaintiff requested, and later received, a new prosthetic, which was paid for by the County of Hudson.  In addition to the crutches issued to Plaintiff while he waited for a new prosthetic leg, a wheelchair was made available for his use.  Plaintiff complained about the use of crutches and the wheelchair, which had four small wheels.  Plaintiff was later provided with a new wheelchair with two large and two small wheels, rather than four small wheels.  Plaintiff also alleges that he required stitches and treatment for various other ailments over the course of his incarceration at the Hudson County Jail.

On or about October 24, 2006, Plaintiff filed a *pro se* Complaint.  In his Complaint, Plaintiff alleges a violation of his civil rights pursuant to 42 U.S.C. §1983 against Dr. Wynn and numerous county officials, regarding inadequate medical care that Plaintiff received at the Hudson County Jail, particularly Defendants' failure to provide Plaintiff with a new prosthetic leg.  Among the county officials named as defendants in Plaintiff's Complaint is Warden Aviles. On March 22, 2007, Plaintiff filed an amended complaint, adding Dr. Masood, a physician at the Hudson Count Jail, as well as two corrections officers as Defendants.  Plaintiff alleges five claims: (Claim One) a claim about jail overcrowding; (Claim Two) a medical claim regarding his prosthetic leg; (Claim Three) a claim based on an assault by another inmate; (Claim Four) a claim for conditions of his confinement; and (Claim Five) a medical claim about a wheelchair.

Defendants Dr. Wynn and Dr. Masood now move for summary judgment on the basis that Plaintiff's medical treatment does not rise to the level of "deliberate indifference" and that they had no control over the security or conditions of Plaintiff's incarceration.  Aviles moves for

summary judgment on the ground that Plaintiff has failed to establish the requirements of a §1983 action.

**II.     STANDARD OF REVIEW**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact.  See id.  "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party."  Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party."  Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

**III.    DISCUSSION**

3

A. **BOTH DEFENDANTS WYNN AND MASOOD AND DEFENDANT AVILES' MOTIONS FOR SUMMARY JUDGMENT ARE GRANTED.**

After carefully reviewing the submissions by all of the parties, this court finds that there is no genuine issue of material fact and Defendants Dr. Wynn, Dr. Masood and Aviles are entitled to judgment as a matter of law. As such, both motions for summary judgment are **granted**.

1. **DR. WYNN AND DR. MASOOD'S MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS IS GRANTED.**

Dr. Wynn and Dr. Masood assert that the medical treatment administered to Plaintiff does not provide for a cause of action under 42 U.S.C. §1983. The gravamen of a §1983 complaint is that a prisoner has been subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. See Estelle v. J.W. Gamble, 429 U.S. 97, 102 (1976). The Court in Estelle recognized that the government has an obligation to "provide medical care for those whom it is punishing by incarceration." Id. at 103. "An inmate must rely on prison authorities to treat his medical needs, if the authorities fail to do so, those needs will not be met. Id. The Court concluded that, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction' of pain proscribed by the Eighth Amendment." Id. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 182-183 (1976). The court went on to state that, "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 42 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id.

4

at 106; See Durmer v. O'Carroll, 991 F. 2d 64, 67 (3rd. Cir. 1993). "[T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation." Durmer, 991 F. 2d at 67 (citing Estelle, 42 U.S. at 106).

Because Plaintiff was a pre-trial detainee at the time of his incarceration at the Hudson County Jail, the analysis of his medical complaint must be made pursuant to the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. This Court, however, having understood that for the purposes of evaluating deliberate indifference under the Fourteenth Amendment, shall apply the same standard that pertains to deliberate indifference claims brought under the Eighth Amendment. See Woloszyn v. County of Lawrence, 396 F.3d 314, 321 (3d Cir. 2005); See also Hubbard v. Stanley Taylor, 399 F.3d 150, 166 (3d Cir. 2005).

In Monmouth County Correctional Institutional Inmates v. Lanzaro, the Court noted that deliberate indifference could exist in a variety of different circumstances, including where "'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care'" or where "short of absolute denial... 'necessary medical treatment is ... delayed for non-medical reasons,'" or where "'prison authorities prevent an inmate from receiving recommended treatment.'" 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted). Here, there is no evidence to show that there was deliberate indifference by Defendants Dr. Masood or Dr. Wynn to Plaintiff's medical needs. The undisputed facts of this case demonstrate that Plaintiff was given continuous and on-going medical care on numerous documented occasions. Plaintiff was seen by Defendants Dr. Wynn and Dr. Masood, as well as many other nurses, doctors and dentists during his incarceration at the Hudson County Jail. Moreover, Plaintiff was

provided with a brand-new wheel chair while he waited to receive a new prosthetic leg. Plaintiff's contentions fail to support a §1983 claim. At best, Plaintiff has a cause of action for medical malpractice. This court takes no position as to whether a viable claim based on medical malpractice exists. As such, summary judgment is granted on Claims Two and Five.

In addition to Plaintiff's claims regarding replacement of his old prosthetic (Claim Two) and the wheelchair (Claim Five), Plaintiff's claims against Dr. Wynn and Dr. Masood concerning jail overcrowding (Claim One), the assault on Plaintiff by another inmate (Claim Three) and the conditions of confinement (Claim Four) are also disposed of as a matter of law. Plaintiff has failed to establish that Dr. Wynn and Dr. Masood had any control over the conditions of the prison or that Dr. Wynn and Dr. Masood had any control over the security at the prison. As such, Dr. Wynn and Dr. Masood are entitled to judgment as a matter of law and summary judgment is granted for Claims One, Three and Four.

    **2.**    **DEFENDANT AVILES' MOTION FOR SUMMARY JUDGMENT AS TO ALL COUNTS IS GRANTED.**

In addition to the above stated reasons for dismissal of Plaintiff's medical malpractice claims, Defendant Aviles properly argues that Plaintiff is unable to meet the requirements to maintain an action under 42 U.S.C. §1983 against a prison official. "The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (U.S. 1981). "Conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. "An Eighth Amendment

claim against a prison official must meet two requirements: (1) 'the deprivation alleged must be, objectively, sufficiently serious;' and (2) the 'prison official must have a sufficiently culpable state of mind.'" Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (U.S. 1994)).

Defendant Aviles' motion for summary judgment is granted with respect to Claim 3, because Plaintiff fails to establish the requirements to maintain an Eighth Amendment claim against a prison official, in this case the warden of the prison, for failure to protect. "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834 (quoting Rhodes, 452 U.S. at 347). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. In order to meet the first requirement to maintain a claim against a prison official, a plaintiff "must present enough evidence to support the inference that the defendants 'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" Beers-Capitol, 256 F.3d at 132 (citing Farmer, 511 U.S. at 846). Here, Plaintiff has failed to present sufficient evidence to support the inference that the Hudson County Jail's correction officers knew of or unreasonably disregarded an objectively intolerable risk of harm. On the contrary, Plaintiff has represented that the sergeants involved in this incident acted quickly to pacify a confrontation which subsequently led to Plaintiff's assault. Moreover, there is no significant material evidence to show that the officers had knowledge of any specific threat against Plaintiff. As such, Defendant Aviles' motion for summary judgment as to the failure to protect claim (Claim Three) is granted.

Plaintiff also asserts that Defendant Aviles is somehow responsible for prison overcrowding (Claim One) and the conditions of Plaintiff's confinement (Claim Three). The court in <u>Farmer</u> held that, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837. The <u>Farmer</u> Court went on to state that, "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" <u>Id.</u> Here, the undisputed, material facts demonstrate that Plaintiff was provided with a handicapped accessible room. Moreover, Plaintiff has failed to provide any evidence from which an inference could be drawn that a substantial risk of serious harm existed. As such, Defendant Aviles' motion for summary judgment on Claim One and Claim Three is granted.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants Dr. Wynn and Dr. Masood's motion for summary judgment is **granted**; and Defendant Aviles' motion for summary judgment is **granted**. An appropriate Order accompanies this Opinion.

                                                 S/ Dennis M. Cavanaugh
                                                 Dennis M. Cavanaugh, U.S.D.J.

Date:         February   4  , 2008
Orig.:        Clerk
cc:           All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File