NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | **Hon. Dennis M. Cavanaugh** |
|---|---|---|
| ABMAN GLASTER, a/k/a CEDRIC MARTIN, | : : : | **OPINION** |
| Plaintiff, | : : | Civil Action No. 06-CV-5106 (DMC) |
| v. | : : | |
| STATE OF NEW JERSEY, HUDSON COUNTY JAIL, WARDEN OSCAR AVILES, DOCTOR LAURENCE WYNN, SGT. AHRENS AND SGT. ORLIK, | : : : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants Sergeant Ahren's ("Sgt. Ahrens") and Sergeant Orlik's ("Sgt. Orlik," collectively with Sgt. Ahrens, "Defendants") motion for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for summary judgment is **granted**.

I. **B**ACKGROUND[1]

Plaintiff Abman Glaster ("Plaintiff"), is a federal inmate being held in the Hudson County

---

[1] The facts set-forth in this Opinion are taken from the Parties' Fed. R. Civ. P. 56.1 statements in their respective moving papers.

Correctional Facility ("HCCC"), where he has been incarcerated since April 4, 2005.  Plaintiff came to the HCCC with a prosthetic leg.  From April 4, 2005 to either April 10 or 11, 2005, Plaintiff was housed at the HCCC's infirmary.  Thereafter, Plaintiff was moved to the general population.

Plaintiff approached Sgt. Ahrens because he believed that his housing conditions were not suitable for his handicapped needs.  Specifically, Plaintiff was unable to shower regularly because his prison cell contained no handicap rails and Plaintiff was also displeased that he was housed in an allegedly overcrowded cell.  When Plaintiff refused to go back to his housing unit, Sgt. Ahrens relocated Plaintiff to a handicap accessible cell, in order to accommodate Plaintiff's needs.

Plaintiff has been moved from his cell several times in order to accommodate more severely handicap individuals.  When Sgt. Ahrens was informed that Plaintiff was serving detention time in an unsuitable cell for his needs, Sgt. Ahrens relocated Plaintiff to his handicap accessible cell so that Plaintiff would have a handicap accessible shower.

On July 24, 2006, Plaintiff and another inmate, Kevin Brown, were involved in an altercation.  Several Corrections Officers, including Sgt. Orlik, separated the inmates and returned them to their cells.  Later that day, as Plaintiff proceeded to shower, Kevin Brown assaulted him.  Sgt. Orlik asserts that he has no recollection of Kevin Brown's appearance or past conduct.

The HCCC infirmary treated Plaintiff.  When he returned to his unit, Sgt. Orlik transferred Kevin Brown to another unit to avoid any future interaction between the two inmates.

Plaintiff has stated that he did not think that Sgt. Orlik wanted Plaintiff to be assaulted.

On or about October 24, 2006, Plaintiff filed a *pro se* Complaint. On March 22, 2007, Plaintiff filed an amended complaint, adding Sgt. Orlik, Sgt. Ahrens, and a physician as additional Defendants. On February 5, 2008, this Court granted Defendants Dr. Wynn and Dr. Masood's motion for summary judgment pursuant to Fed. R. Civ. P. 56. This Court also granted Warden Oscar Aviles' motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Sgt. Ahrens and Sgt. Orlik now move for summary judgment on the basis that Plaintiff's medical treatment does not rise to the level of "deliberate indifference," violative of 42 U.S.C. § 1983, or "cruel and unusual punishment," violative of U.S. Const. amend. 8. Plaintiff has not filed any opposing papers, but rather directs this Court's attention to his previous papers opposing Dr. Wynn and Dr. Masood's motion for summary judgment[2].

## II.  STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id.

---

[2] This Court is cognizant of the leniency given to *pro se* litigants. See Haines v. Kerner, 404 U.S. 519 (1972); U.S. v. Albinson, 356 F.3d 278 (3d Cir. 2004). Even with a more lenient reading of Plaintiff's action, however, it is apparent on its face that no relief may be granted.

The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.  DISCUSSION

Sgt. Ahrens and Sgt. Orlik assert that Plaintiff has not alleged a proper claim pursuant to 42 U.S.C. § 1983. In pertinent part, 42 U.S.C. § 1983 states that,

> [e]very person who, under color of any statute ordinance, regulation, custom or usage, of any State...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42. U.S.C. § 1983. Plaintiff must (1) allege a violation of a constitutional or legal right and (2) allege that the stated deprivation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1998); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff's argument fails because he has not alleged a proper claim pursuant to

42 U.S.C. § 1983.  Plaintiff has neither alleged that Sgt. Orlik failed to protect Plaintiff against the unnecessary and wanton infliction of pain by another prisoner, nor that Sgt. Ahrens failed to provide adequate confinement conditions, thereby constituting cruel and unusual punishment.

      A.      **Failure to Protect**

Plaintiff alleges that Sgt. Orlik failed to protect Plaintiff from Kevin Brown's attack.  Sgt. Orlik replies that Plaintiff has not alleged cruel and unusual punishment.  This Court recognizes that prison conditions may inflict cruel and unusual punishment if those conditions "cause unquestioned and serious deprivations of basic human needs," such as those that "may deprive inmates of the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  For example, "[b]eing violently assaulted in prison is simply "not part of the penalty that criminal offenders pay for their offenses against society."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners."  Id. at 833 (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988).  "An Eighth Amendment claim against a prison official must meet two requirements: (1) 'the deprivation alleged must be, objectively,  sufficiently serious;' and (2) the 'prison official must have a sufficiently culpable state of mind.'"  Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (quoting Farmer, 511 U.S. at 834 (1994)).  While this Court is sympathetic to Plaintiff's position, it must grant Sgt. Orlik's motion for summary judgment because Plaintiff has not alleged that Sgt. Orlik had a "sufficiently culpable state of mind."  Id.

"To be liable on a deliberate indifference claim, a defendant prison official must both know of and disregard an excessive risk to inmate health or safety.  The knowledge element of

5

deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol, 256 F.3d at 133 (internal citations omitted). Such knowledge may be established when the official has actual notice of the risk or when the risk is "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." Farmer, 511 U.S. at 842. Plaintiff has not alleged that Sgt. Orlik had knowledge of the risk that Kevin Brown posed to him. Therefore, this Court must grant Sgt. Orlik's motion for summary judgment.

In his moving papers, Plaintiff states that he does not believe that Sgt. Orlik intended to cause any harm toward Plaintiff. Plaintiff has not sufficiently alleged that Sgt. Orlik had any information that would corroborate Plaintiff's assertion that Kevin Brown was an imminent threat to Plaintiff. Sgt. Orlik has asserted that he had no actual knowledge of, and Plaintiff has not alleged that the risk posed by Kevin Brown was a "long-standing, pervasive, or well-documented, or expressly noted" one. Id. Plaintiff has failed to allege a proper claim pursuant to 42 U.S.C. § 1983. Therefore, this Court grants Sgt. Orlik's motion for summary judgment.

   **B.**  **Failure to Provide Adequate Conditions of Confinement**

Plaintiff alleges that Sgt. Ahrens inflicted cruel and unusual punishment upon him because Plaintiff was housed in a cell that was not handicap accessible and because Plaintiff had difficulty accessing the showers. The gravamen of a § 1983 complaint is that a prisoner has been

6

subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.  See Estelle v. J.W. Gamble, 429 U.S. 97, 102 (1976).  The Court in Estelle recognized that "[a]n inmate must rely on prison authorities to treat his medical needs, [and] if the authorities fail to do so, those needs will not be met.  Id.  The Court concluded that, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction' of pain proscribed by the Eighth Amendment."  Id. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 182-183 (1976).  "In order to state a cognizable claim, [however] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106; see also Durmer v. O'Carroll, 991 F. 2d 64, 67 (3d. Cir. 1993).

     After applying the Beers-Capitol test, however, it is clear that Plaintiff has not alleged deliberate indifference by Sgt. Ahrens and has not alleged valid cruel and unusual punishment.  First, Plaintiff has not alleged that Sgt. Ahrens acted with deliberate indifference to Plaintiff; rather, the facts infer that Sgt. Ahrens acted attentively with great concern for Plaintiff's handicap.  When Plaintiff was removed from his cell for a disciplinary purpose, Sgt. Ahrens strove to accommodate Plaintiff, so that Plaintiff could serve out his disciplinary sentence within the walls of his handicap accessible cell.  Sgt. Ahrens ensured that Plaintiff had access to a handicap accessible cell.  Sgt. Ahrens was attentive and accommodating to Plaintiff at all times and did not act with deliberate indifference toward him.  Second, Plaintiff has not alleged cruel and unusual punishment.  Although he did not receive handicap accessibility at all times, he was not deprived of his basic human needs.  Sgt. Ahrens advocated for Plaintiff's needs and

Plaintiff's needs were routinely met. Hence, this Court grants Sgt. Ahrens' motion for summary judgment.

**IV.** <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted**. An appropriate Order accompanies this Opinion.

                                                 S/ Dennis M. Cavanaugh
                                                 Dennis M. Cavanaugh, U.S.D.J.

Date:   August   11  , 2008
Orig.:   Clerk
cc:     All Counsel of Record
        Hon. Mark Falk, U.S.M.J.
        File